IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY BOWERS : | |
| : | |
| : | |
| v.  : | Civil No. CCB-12-1829 |
| : | |
| : | |
| BANK OF AMERICA, N.A. : | |
| : | |

**MEMORANDUM**

Plaintiff Jeffrey Bowers, pro se, filed this action in Maryland state court alleging a variety of state law claims related to Defendant Bank of America's ("BOA's") apparent failure to process a mortgage modification application submitted by Bowers. BOA removed this action to federal court, and Bowers has filed a motion for remand. Also pending is BOA's motion to dismiss. For the reasons set forth below, Bowers's motion for remand will be denied and BOA's motion to dismiss will be granted.

**BACKGROUND**

The Home Affordable Mortgage Program ("HAMP") was established by the Secretary of the Treasury under authority granted in the Emergency Economic Stabilization Act of 2008, Pub. L. No. 110-343, 122 Stat. 3765, legislation that included the Troubled Asset Relief Program ("TARP") and other measures designed to mitigate the 2008 financial crisis. *See Stagikas v. Saxon Mortg. Services, Inc.*, 795 F. Supp. 2d 129, 132-33 (D. Mass. 2011). As Bowers details in his complaint, under HAMP, participating mortgage servicers, through Servicer Participation Agreements ("SPAs") with the federal government, are promised incentives if they enter into Trial Period Plans ("TPPs") with homeowners that may lead to a permanent modification of their

1

mortgage terms to avoid foreclosure. (*See* Compl., ECF No. 2, ¶¶ 12-15.) *Stagikas*, 795 F. Supp. 2d at 133.

In 1993, Bowers purchased a home in Ellicott City, Maryland for $213,000 with a mortgage serviced by BOA. (Compl. ¶ 17.) He now alleges, under eleven counts, that because BOA never processed a HAMP application which Bowers states he properly submitted to the servicer, BOA is liable for: (I) Civil Conspiracy to Defraud; (II) Unfair and Deceptive Trade Practices; (III) Aiding and Abetting Fraud; (IV) Fraudulent Intentional Misrepresentation & Negligence; (V) Unjust Enrichment; (VI) Civil Conspiracy; (VII) Violations of the Maryland Consumer Protection Act; (VIII) "Commercial Loan Servicer Violations of Suppression;" (IX) Breach of Duty, Care, & Trust; (X) Breach of Good Faith and Fair Dealing; and (XI) Mental Anguish, Emotional Distress, and Psychological Trauma Resulting in PTSD. According to the complaint, the only agreement Bowers has ever entered into with BOA is his mortgage; he does not allege that he entered into a TPP under HAMP or any other similar agreement with BOA. In fact, Bowers's only factual allegation of wrongdoing by BOA, couched in myriad ways, is that the bank "systematically acted with carelessness, recklessness . . . and with deliberate indifference in its inaction" in failing to process his HAMP application. (Compl. ¶ 24.)

## ANALYSIS

### I. Motion for Remand

Bowers, seeking remand, argues that this court lacks subject matter jurisdiction. His motion for remand states only that his claim does not arise from a federal question, as required for jurisdiction under 28 U.S.C. § 1331. In its notice of removal, however, BOA properly invoked this court's jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship, because this case is "between . . . citizens of different States." Bowers is a citizen of Maryland

and BOA, a national association with its articles of association listing Charlotte, North Carolina as its main office, is a citizen of North Carolina. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).

In addition, for jurisdiction under § 1332 "the matter in controversy" must "exceed[] the sum or value of $75,000." Although the only dollar amount sought in Bowers's complaint is $74,950, an amount conveniently fifty-one dollars less than the required amount in controversy, his complaint also seeks "other amounts to be proven at trial" as well as "punitive damages." (Compl. ¶ 70.) As a general rule, a plaintiff may limit the damages sought in order to avoid federal jurisdiction. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). While, generally, "removal is proper only if the defendant can prove to a 'legal certainty' that the plaintiff would actually recover more than [the lower amount stated in the complaint] if she prevailed," if "a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *Momin v. Maggiemoo's Intern., L.L.C.*, 205 F. Supp. 2d 506, 509-10 (D. Md. 2002) (citations omitted). Thus, because Bowers pleads additional, nonspecific damages above the $74,950, BOA must only show by a preponderance of the evidence that he could be entitled to such punitive damages or "other amounts to be proven at trial" if he prevails. Bowers has pled deliberate wrongdoing and actual malice in his tort claims. (*See, e.g.*, Compl. ¶¶ 24, 29, 32.) So, if he were to have prevailed, Bowers could have been entitled to punitive damages. *See Ellerin v. Fairfax Sav. F.S.B.*, 652 A.2d 1117, 1123 (Md. 1995) ("Maryland law has limited the availability of punitive damages to situations in which the defendant's conduct is characterized by knowing and deliberate wrongdoing."). Furthermore, according to Bowers, the value of the property that he apparently seeks to avoid foreclosure on is $213,000. (Compl. ¶ 17.) Thus,

despite the dollar amount pled, the defendants have sufficiently demonstrated that, had Bowers prevailed, the amount in controversy would have exceeded the jurisdictional requirement. Accordingly, Bowers's motion for remand will be denied.

## II.     Motion to Dismiss

BOA moves to dismiss Bowers's eleven counts under Fed. R. Civ. P. 12(b)(6). "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint' and not to 'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999)). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When ruling on a 12(b)(6) motion, the court assumes the facts alleged in the complaint are true and draws all reasonable factual inferences in the nonmoving party's favor. *Edwards*, 178 F.3d at 244. A complaint need not provide "detailed factual allegations," but it must "provide the grounds of [the plaintiff's] entitlement to relief" with "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (internal quotations omitted).

When a homeowner enters into a TPP under HAMP, that agreement may create legally enforceable contractual rights. *See Legore v. OneWest Bank, FSB*, --- F. Supp. 2d ---, 2012 WL 4903087, at *4 (D. Md. Oct. 15, 2012); *Allen v. CitiMortgage, Inc.*, 2011 WL 3425665, at *4-6 (D. Md. Aug. 4, 2011). Where a homeowner has not entered into any agreement under HAMP, however, plaintiffs have no claim or cause of action to enforce HAMP guidelines on behalf of the federal government or as a third-party beneficiary of an SPA between the federal government

and the mortgage servicer. *See, e.g.*, *Parks v. BAC Home Loan Servicing, LP*, 825 F. Supp. 2d 713, 715-16 (E.D. Va. 2011); *Sheard v. Bank of America, N.A.*, 2012 WL 3025119, at *3 (D. Md. Jul. 23, 2012); *Ramos v. Wells Fargo Home Mortg.*, 2012 WL 261308, at *3 (D. Md. Jan. 26, 2012);[1] *see also Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 n.4 (7th Cir. 2012) (citing *Astra USA, Inc. v. Santa Clara County, Cal.*, 131 S. Ct. 1342 (2011)).[2] Thus, Bowers's complaint must be dismissed because BOA's apparent failure to process his HAMP loan modification application does not give rise to a cause of action independent of any obligations BOA has under its SPA with the federal government. He alleges no other wrongdoing by BOA that, as demonstrated below, supports any of his eleven claims. *See Sheard*, 2012 WL 3025119 at *3 (dismissing with prejudice a virtually identical complaint); *Ramos*, 2012 WL 261308 at *3 (same).

>   A. **Counts (I) Civil Conspiracy to Defraud; (II) Unfair and Deceptive Trade Practices; (III) Aiding and Abetting Fraud; (IV) Fraudulent Intentional Misrepresentation & Negligence; (VI) Civil Conspiracy; (VII) Violations of the Maryland Consumer Protection Act**

Counts I, III, and IV, though titled slightly differently, all allege that BOA is liable in fraud. Similarly, counts II and VII "sound[] in fraud" because the Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law, § 13-301, prohibits "[u]fair or deceptive trade practices includ[ing] any . . . [f]alse, falsely disparaging, or misleading oral or written

---

[1] Unpublished cases are cited for the soundness of their reasoning, not for their precedential value.

[2] In *Wigod*, 673 F.3d at 559 n.4, the Seventh Circuit explained:
> In *Astra*, the Supreme Court held that health care facilities covered by § 340B of the Public Health Services Act could not sue as third-party beneficiaries of drug price-ceiling contracts between pharmaceutical manufacturers and the government because Congress did not create a private right of action under the Act. . . . Here, too, Congress did not create a private right of action to enforce the HAMP guidelines, and since *Astra*, district courts have correctly applied the Court's decision to foreclose claims by homeowners seeking HAMP modifications as third-party beneficiaries of SPAs.

statement . . . which has the capacity, tendency, or effect of deceiving or misleading consumers." *See Haley v. Corcoran*, 659 F. Supp. 2d 714, 724 n.10 (D. Md. 2009). To state a claim for fraud or misrepresentation, a plaintiff must show, among other facts, that the plaintiff took action in justifiable reliance on the defendant's fraud and that the plaintiff suffered damages as a result of the fraud. *Goldstein v. Miles*, 859 A.2d 313, 331-32 (Md. App. 2004). Under the MCPA, plaintiffs must similarly show that they are entitled to recover actual damages sustained "as the result of" the defendant's deceptive practices. Md. Code Ann., Com. Law, § 13-408(a); *see Lloyd v. General Motors Corp.*, 916 A.2d 257, 277 (Md. 2007) ("[A] private party suing under the Consumer Protection Act must establish 'actual injury or loss.'"). To establish a claim for civil conspiracy (count VI), a plaintiff must show "[a]ctual legal damage resulting to the plaintiff." *Lloyd*, 916 A.2d at 284 (quotation omitted).

Here, Bowers entered into his mortgage in 1993, long before HAMP was enacted, and he does not assert that BOA fraudulently induced him into entering into his mortgage. Thus, Bowers has not alleged any facts on which a claim for fraud, civil conspiracy, or the related causes of action could plausibly be based. Bowers may have applied for a loan modification under HAMP relying on an implied promise, through BOA's participation in the program, that the bank *might* modify his mortgage. But, even if BOA were intentionally deceiving him, assuming that the bank never intended to actually process mortgage modifications, Bowers can show no actual loss he suffered that was *caused* by the bank's failure to do so. Bowers already was obligated to fulfill the requirements of his mortgage with BOA, and BOA was under no obligation to modify the mortgage. And, Bowers does not allege that the bank has foreclosed upon his house or has taken any other action resulting in any loss aside from his mortgage payments or interest. He merely claims that BOA's failure to process the HAMP application has "exacerbated" his

"financial hardship." (Compl. ¶ 25.) Bowers has alleged no legal injury, and his fraud and related claims therefore must be dismissed.

### B. Count (V) Unjust Enrichment

A claim for unjust enrichment (count V) requires that a plaintiff show, among other facts, that the defendant retained a benefit conferred by the plaintiff "under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value." *Hill v. Cross Country Settlements, LLC*, 936 A.2d 343, 351 (Md. 2007) (citation omitted). The only benefit Bowers has pled that he conferred on BOA is the value of his mortgage payments and interest, which were conferred in exchange for his home, property he apparently continues to own. Thus, he has not pled that BOA is retaining any benefit inequitably, and he does not state a plausible claim for unjust enrichment.

### C. Counts (VIII) "Commercial Loan Servicer Violations of Suppression;" (IX) Breach of Duty, Care, & Trust; and (X) Breach of Good Faith and Fair Dealing

Bowers's claims for Commercial Loan Servicer Violations of Suppression, Breach of Duty, Care, & Trust, and Breach of Good Faith and Fair Dealing (counts VIII, IX, and X) all fail under Maryland law. First, the court can find no legal authority supporting a claim for "commercial loan servicer violations of suppression." Second, assuming that "breach of duty, care, & trust" alleges some sort of breach of a fiduciary or other legally cognizable duty BOA owed to Bowers as his mortgage servicer, "[i]t well established that 'the relationship of a bank to its customer in a loan transaction is ordinarily a contractual relationship between debtor and creditor and is not fiduciary in nature.'" *Kuechler v. Peoples Bank*, 602 F.Supp.2d 625, 633 (D.Md.2009) (quoting *Yousef v. Trustbank Savs., F.S.B.*, 568 A.2d 1134, 1138 (Md. App. 1990)). "Courts have been exceedingly reluctant to find special circumstances sufficient to transform an ordinary contractual relationship between a bank and its customer into a fiduciary relationship or

7

to impose any duties on the bank not found in the loan agreement." *Id.* (quoting *Parker v. Columbia Bank*, 604 A.2d 521, 532 (Md. App.1992)); *Legore*, 2012 WL 4903087 at *5. Bowers has pled no special relationship with BOA apart from his mortgage, and he does not allege breach of contract, nor would his complaint support such a claim. Finally, Maryland does not recognize a separate cause of action for breach of the implied duty of good faith and fair dealing. *See Baker v. Sun Co., Inc.*, 985 F. Supp. 609, 610 (D. Md. 1997); *Sheard*, 2012 WL 3025119 at *4 . Thus, counts VIII, IX, and X of Bowers's complaint fail to state a claim.

### D.  Count (XI) Mental Anguish, Emotional Distress, and Psychological Trauma Resulting in PTSD

Finally, reading count XI of Bowers's complaint as a claim for infliction of emotional distress, he has not alleged extreme or outrageous conduct by BOA that the bank knew was likely to cause "severe emotional distress" of the kind necessary to establish this tort under Maryland law. *See Brengle v. Greenbelt Homes, Inc.*, 804 F. Supp. 2d 447, 452-53 (D. Md. 2011) (quotations and citations omitted); *see also Exxon Mobil Corp. v. Ford*, 40 A.3d 514, 575 (Md. App. 2012) ("Maryland does not recognize the tort of negligent infliction of mental distress as distinguished from the tort of intentional infliction of mental distress."). Accordingly, Bowers has failed to state a claim for infliction of emotional distress.

## CONCLUSION

For the above reasons, Bowers's motion for remand will be denied and BOA's motion to dismiss will be granted.

A separate order follows.

November 27, 2012                                        /s/
Date                                                        Catherine C. Blake
                                                               United States District Judge